IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| David L. Stockman, M.D., Plaintiff, v. Flint TV License Company, LLC; Allen Media Broadcasting, LLC; Allen Media Group, LLC; Advance Local Media, LLC; Advance Publications, Inc.; ASC Communications, LLC, Defendants. | ) | C/A No. 2:26-3215-BHH-PJG **REPORT AND RECOMMENDATION** |

Plaintiff David L. Stockman, M.D., a self-represented litigant, brings this civil action. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Plaintiff filed a Form AO 240 that the court construes as a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. (ECF No. 3.) Having reviewed the motion in accordance with applicable law, the court concludes that motion should be denied.

**I. Discussion**

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. See Dillard v. Liberty Loan Corp., 626 F.2d 363, 364 (4th Cir. 1980). "The in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure that indigent persons will have equal access to the judicial system." Lee v. McDonald's Corp., 231 F.3d 456, 458 (8th Cir. 2000) (internal quotations marks omitted). A litigant is not required to show that he is completely destitute in order to qualify as an indigent within the meaning of 28 U.S.C. § 1915(a). Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 337-44 nn.5-10 (1948); Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004). Rather, to qualify for indigent status under § 1915,

the litigant must show that he is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents. Martinez at 1307 (citing the standard in Adkins, 335 U.S. at 339).

Upon review of the information before the court, and mindful of the tests set forth in Adkins, the court concludes that Plaintiff would not be rendered destitute by being required to pay the filing costs of $405, nor is there any indication that requiring payment of these costs would impose an undue hardship or effectively block Plaintiff's access to the courts.

Plaintiff indicates that he has only $5.00 "in unrestricted personal savings." (ECF No. 3-2 at 1.) Plaintiff's primary argument that his available cash is restricted concerns his status as a Chapter 11 debtor in a bankruptcy action pending before the United States Bankruptcy Court for the Easter District of Michigan. Plaintiff argues that all funds, apart from the $5.00, are thus bankruptcy estate funds, or are necessary to maintain monthly household expenses, which he lists as $16,527.24.

The court notes that Chapter 11 permits a debtor to retain possession of assets and to continue operating a business and receiving income while reorganizing his financial affairs. See 11 U.S.C. §§ 1107-08. In attachments to his motion, Plaintiff states that his spouse's gross wages are $12,641.61 per month. "In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the 'necessities of life,' such as from a spouse, parent, adult sibling or other next friend." Fridman v. City of N.Y., 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (internal quotation marks omitted); see also Pisano v. Astrue, Civil Action No. 11-30269-KPN, 2012 WL 79188, at *2 (D. Mass. Jan. 10, 2012) (collecting cases). Accordingly, although his spouse is not a party to this action, her income may be considered in ruling on Plaintiff's motion.

Plaintiff is a physician and admits that he has prior professional income of $8,173.08 per month. However, he states that his income is irregular, depending on "available physician assignments, collection restrictions, and the pending reorganization." (ECF No. 3-2 at 1.) He further indicates that he has not received professional compensation since March 2026. Plaintiff's assets include a $441,000 home; $40,000 pickup truck; and $7,000 in retirement savings.

Concerning expenses, Plaintiff indicates that he has one dependent child and seemingly normal household expenses—including housing, insurance, childcare, and utilities—but maintains that those expenses amount to approximately $16,527.24. "If it appears that an applicant's access to court has not been blocked by his financial condition; rather that he is merely in the position of having to weigh the financial constraints posed if he pursues his position against the merits of his case, then a court properly exercises its discretion to deny the application." Fridman v. City of N.Y., 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (internal alterations omitted) (quoting Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc., 686 F. Supp. 385, 385 (N.D.N.Y. 1988)). Based on the information before the court, it appears that Plaintiff would not have to sacrifice the "necessities of life" if required to pay the filing fee in this action. Therefore, Plaintiff's motion should be denied.

## II. Conclusion

For the foregoing reasons, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be denied. (ECF No. 3.) If the district judge accepts this recommendation, Plaintiff will have fourteen days from the date of the order denying *in forma pauperis* status to submit the required filing fee. If Plaintiff fails to pay the filing fee within the specified time period, the case should be dismissed without prejudice.

October 29, 2026
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).